# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

---

In re:  MAHVASH MAZGANI,

                Debtor

----------------------------------------

KEVIN MODA (VIP BHOLA),

                Appellant,

        v.

MAHVASH MAZGANI,

                Appellee.

District Court Case No.
2:25-cv-06877-WLH

Bankruptcy Court Case No.
2:19-bk-21655-BR

Chapter 11

---

## APPELLEE'S RESPONSIVE BRIEF

David B. Zolkin - Bar #155410
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
dzolkin@wztslaw.com
11766 Wilshire Blvd., Suite 730
Los Angeles, California 90025
Telephone: (310) 207-1494

Attorneys for Debtor and Appellee,
MAHVASH MAZGANI

## <u>CORPORATE DISCLOSURE STATEMENT</u>

This corporate parent disclosure statement is made by Debtor and Appellee,

Mahvash Mazgani.

The above-named party is not a corporation as set forth in Federal Rule of

Bankruptcy Procedure 8012(b) and Federal Rule of Appellate Procedure 26.1.


Dated: December 30, 2025        WEINTRAUB ZOLKIN TALERICO & SELTH
LLP


By: */s/ David B. Zolkin*
David B. Zolkin
Attorneys for Debtor and Appellee,
MAHVASH MAZGANI

APPELLEE'S RESPONSIVE BRIEF

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE CASE/ISSUES ................................................................ 7

    A.    Nature of the Case and Introduction to Appellee's Brief...................... 7

STATEMENT OF FACTS ................................................................................ 12

ARGUMENT ................................................................................................... 13

    A.    The Court Does Not Have Jurisdiction to Consider this
        Appeal as the Denial Order is an Interlocutory Order for
        Which Bhola Never Sought the Requisite Leave to Appeal ............... 13

    B.    The Court Does Not Have Jurisdiction to Consider This
        Appeal Because Bhola Seeks to Have the Court Consider
        Issues Not Properly Raised on Appeal ................................................ 16

    C.    Bhola Did Not Have Standing to File the Conversion/
        Dismissal Motion and Does Not Now Have Standing to
        Have Brought This Appeal.................................................................. 19

    D.    Bhola's Appeal of the Denial Order Constitutes an
        Impermissible Collateral Attach on Final Orders of the
        Bankruptcy Court and This Court and Are Well Beyond
        the Scope of His Appeal..................................................................... 22

    E.    Bhola's Appeal is Frivolous and Malicious and His
        Pleading Practices Warrant Further Sanctions ................................... 23

II.    CONCLUSION ....................................................................................... 24

Certificate of Compliance ............................................................................... 26

APPELLEE'S RESPONSIVE BRIEF

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                    <u>Page(s)</u>

*Achilles v. Hoskins (In re Theos Fedro Holdings, LLC)*,
    2023 Bankr. LEXIS 2979 (9th Cir. B.A.P. 2023) ......................................... 20

*Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*,
    499 B.R. 698, 704 (9th Cir. B.A.P. 2013) ...................................................... 22

*Barahona v. Union Pac. R.R.*,
    881 F.3d 1122, 1130-113 (9th Cir. 2018)...................................................... 16

*Burns v. Macgibbon (In re Macgibbon)*,
    2006 Bankr. LEXIS 4875, at *30-31(9th Cir. B.A.P. 2006) .......................... 15

*Catlin v. United States*,
    324 U.S. 229, 233 (1945).............................................................................. 13

*Deutsche Bank Nat'l Tr. Co. v. FDIC*,
    744 F.3d 1124, 1134 (9th Cir. 2014) ............................................................ 16

*Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.)*,
    177 F.3d 774 (9th Cir. 1999) ........................................................................ 21

*Foster v. First Interstate Bank (In re Shoot the Moon, LLC)*,
    642 B.R. 21, 26 (Bankr. Mont. 2022).......................................................... 23

*Hiivala v. Wood*,
    195 F.3d 1098, 1101 (9th Cir. 1999) ............................................................ 16

*In re Frontier Properties, Inc.*,
    979 F.2d 1358, 1362 (9th Cir. 1992)............................................................ 13

*In re Heartwise, Inc.*,
    648 B.R. 715, 723 (C.D. Cal. 2022) ..............................................................13

*In re Merle's Inc.*,
    481 F.2d 1016, 1018 (9th Cir. 1973) ............................................................ 14

APPELLEE'S RESPONSIVE BRIEF

*In re Pecan Groves*,
   951 F.2d 242 (9th Cir. 1991) ........................................................................... 21

*In re Rizzo*,
   2016 Bankr. LEXIS 746 (Bankr. C.D. Cal. 2016) ......................................... 20

*In re Stanton*,
   766 F.2d 1283, 1285, FN 4 (9th Cir. 1985)................................................... 17

*In re Stewart,*
   157 B.R. 893, 895 (B.A.P. 9th Cir. 1993) ..................................................... 15

*Ki Chang Park v. Gebben (In re Ki Chang Park)*,
   2013 U.S. Dist. LEXIS 14150, *6 (W.D. Wash. 2013).................................. 17

*Linett v. Hebrank (In re Linett)*,
   2023 Bankr. LEXIS 2980 (9th Cir. B.A.P. 2023) .......................................... 19

*Moda v. Mazgani "(In re Mazgani)*,
   2024 U.S. Dist. Lexis 248032, at *7-9 (D. Cal. 2024) .................................. 24

*Moda v. Mazgani "(In re Mazgani)*,
   2025 U.S. Dist. Lexis 162922, at *17-21 (D. Cal. 2024) .............................. 24

*Morris v. Gen. Council of the Assemblies of God*,
   2024 U.S. Dist. LEXIS 221043, at *8-9 (D. Nev. 2024)............................... 23

*Reid & Hellyer, APC v. Laski (In re Wrightwood Guest Ranch, LLC)*,
   896 F.3d 1109 (9th Cir. 2018) ....................................................................... 21

*Southwestern Rsch., Inc. v. Southern Cal. Rsch., LLC*
*(In re Southern Cal. Rsch., LLC)*,
   2022 Bankr. LEXIS 2994, at *7 (9th Cir. B.A.P. 2022).................................. 14

*Stinchfield v. Specialized Loan Serv. (In re Stinchfield)*,
   2018 Bankr. LEXIS 735, at *15-16 (9th Cir. B.A.P. 2018) ........................... 22

APPELLEE'S RESPONSIVE BRIEF

*Travelers Indem. Co. v. Bailey*,
    557 U.S. 137, 138-139 (2009) ........................................................................ 22

*United States Bakery v. Svenhard's Swedish Bakery*,
    632 B.R. 312, 320 (Bankr. E.D. Cal. 2021) ............................................ 14, 15

*Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*,
    327 B.R. 493, 505 (1st Cir. BAP 2005)........................................................ 15

*Watts v. Pinckney*,
    752 F.2d 406, 410 (9th Cir. 1985) ................................................................ 22

## STATUTES

28 U.S.C. § 157(d) .......................................................................................... 9

28 U.S.C. § 158.......................................................................................... 14, 16

Local Civ. Rule 83-1.3.1.................................................................................. 8

APPELLEE'S RESPONSIVE BRIEF

## STATEMENT OF THE CASE/ISSUES

### A.    Nature of the Case and Introduction of Appellee's Brief

This is an appeal from the order (the "Denial Order") of the Bankruptcy Court denying the *Motion For Involuntary Conversion of the Case to a Chapter 7, 11 or Dismissal Under 1112, For Failing to Comply With 11 USC 1112(B)(4)(J), 11 USC 1189(B) Order re Dismissal* (the "Conversion/Dismissal Motion" or the "Motion") in the long-standing Chapter 11, Subchapter V bankruptcy case (the "Bankruptcy Case") of Mahvash Mazgani ("Debtor" or "Appellee").  The Denial Order was entered by the Bankruptcy Court on June 26, 2025.  Appellant, Vip Bhola ("Bhola" or "Appellant"), filed the Motion, and has appealed the Order, on his own behalf.

But Bhola is not a creditor of the Debtor's bankruptcy estate (the "Estate").  Nor is he a party in interest.  Rather, Bhola is ***former*** bankruptcy counsel to Kevin Moda ("Moda"), a disputed creditor in the Bankruptcy Case, and ***former*** counsel to Moda in multiple unsuccessful appeals taken by Moda to this Court from orders of the Bankruptcy Court.  Bhola is also a contemnor of the Bankruptcy Court's sanctions orders against him, having refused to pay a single cent of the sanctions imposed upon him by any court in connection with the Bankruptcy Case.

While the instant appeal is technically an appeal of the Denial Order, what Bhola really intends by way of this appeal is to *further* collaterally challenge the sanctions orders previously entered against him and Moda by the Bankruptcy Court; orders that

were previously appealed and affirmed by this Court, and that are now final, and no longer appealable.

By this appeal, Bhola is using the very same playbook that he unsuccessfully sought to utilize in prior appeals from other orders of the Bankruptcy Court to this Court (e.g., Case No. 2:23-cv-08894-WLH), a playbook that this Court previously found to be frivolous, an abuse of process and subject to sanctions.

Prior to the reassignment of this appeal from the Honorable André Birotte, Jr., to this Court, Bhola filed a litany of pleadings in connection with this appeal (and, in one instance, neglected to file a pleading Bhola was required to file) in an effort to forum shop for an outcome that would be different from the outcomes of his and Moda's prior appellate efforts.

- Bhola ***failed*** to file any notice of related cases that would have identified his prior appeals from rulings of the Bankruptcy Court relating to the issues he has raised in this appeal (all of which were decided by this Court), as required under Local Civil Rule 83-1.3.1.

- On August 6, 2025, in response to Appellee's having filed *Appellee's Notice of Related Appeal* on August 5, 2025 (Doc. 7), Bhola immediately filed with Judge Birotte an objection thereto (Doc. 9) in order to prevent this Court from hearing this appeal.

APPELLEE'S RESPONSIVE BRIEF

- On November 25, 2025, Bhola filed with Judge Birotte a *Motion to Recuse Judge Birotte* (the "Recusal Motion") (Doc. 11), arguing that Judge Birotte was impermissibly biased in favor of the Honorable Barry Russell, the bankruptcy judge who presides over the Bankruptcy Case and who issued the Denial Order, as a result of their both serving on the board of the Western Justice Center Foundation.

- On December 8, 2025, Bhola filed with Judge Birotte a reply to Appellee's opposition to the Recusal Motion (Doc. 20) contemporaneously with an *ex parte* application to expedite the hearing on the recusal motion (Doc. 21).

- On December 9, 2025, Bhola filed with Judge Birotte (as opposed to the Clerk of the District Court as required under the Local Civil Rules) a motion to withdraw the reference of the Bankruptcy Case from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) (Doc. 22);

- On December 10, 2025, Bhola filed with Judge Birotte his *Request for Certification for Direct Appeal to the Ninth Circuit Court of Appeals* (the "Certification Request") (Doc. 23), in an effort to permit him to skip District Court review of the Denial Order (and the prior contempt orders against him and Moda) in favor of direct Ninth Circuit review.

- On December 11, 2025, Bhola filed with Judge Birotte a supplement to the Certification Request (Doc. 25), pursuant to which Bhola identifies that the Clerk of the Ninth Circuit Court of Appeal has set a briefing schedule for Moda's appeal to the Ninth Circuit in *Moda vs. Mazgani*, Case No. 25-5650.  Bhola contends in the supplement that the appeal to the Ninth Circuit warrants that the instant appeal is not heard by the District Court at all.

- Also on December 11, 2025, Bhola filed with Judge Birotte a *Motion for an Order that Orders the Appellee to Withdraw the Abstract of Judgment Recorded with the County Recorder that Stems from the Order Finding the Appellant Guilty of Violation of the Automatic Stay on January 9, 2024, or for an Order that is Recordable with the County Recorder that Strikes the Recording from County Recorder Repository* (the "Withdrawal of Judgment Abstract Motion") (Doc. 26), by which Bhola has asked the Court to issue an order compelling the Debtor to file a motion to withdraw an abstract of judgment previously recorded in the Los Angeles County Recorder's Office (the "Recorder's Office") against Bhola's home to secure the sanctions award issued by the Bankruptcy Court in favor of the Debtor.

- On December 17, 2025, Bhola filed with Judge Birotte an addendum to his December 8 *ex parte* application to expedite the hearing on the Recusal Motion.

In addition to the foregoing, on December 26, 2025, after this appeal was reassigned from Judge Birotte to Judge Hsu on December 22, 2025 (See Doc. 32), Bhola filed his *Ex Parte Application for Order Transferring Case for Random Assignment Pursuant to General Order 24-04* (the "Random Assignment Application"). Pursuant to this latest pleading, Bhola, incorrectly tries to characterize the reassignment to Judge Hsu as a recusal by Judge Birotte, and contends that the reassignment is really the result of "Judge Hsu Rampages as a Habitual Case-Seizer…." Random Assignment Application, pp. 11, 15 and 16.[1]

As intimated above, every single one of Bhola's pleadings in this appeal have had one purpose: to collaterally attack the Bankruptcy Court's (and this Court's) previous orders (i) concluding that Bhola and Moda willfully violated the automatic stay and (ii) awarding sanctions against them. Problematically, Bhola's pleadings have

---

[1]   Among his numerous outrageous, inflammatory and meritless accusations, Bhola states:

> Judge Hsu seizes cases outside his calendar—now for the third time— cementing his status as a habitual offender who desecrates the Constitution at staggering expense. What he truly shields is his own crumbling reputation, the ironclad motive driving this outrage.

Random Assignment Application, p. 11

APPELLEE'S RESPONSIVE BRIEF

had virtually nothing to do with Bhola's purported substantive challenge of the Denial
Order.

The appeal must be dismissed, or the Denial Order must be affirmed.  The appeal
itself is an appeal of an interlocutory order from which Bhola has not sought relief to
appeal from the Court.  Bhola does not have standing to bring the appeal of the Denial
Order.  Bhola cannot be permitted through this appeal to collaterally attack final orders
of the Bankruptcy Court and the District Court that he already has appealed without
success.  Bhola continues to engage in frivolous and harassing pleading practices, here,
in the Bankruptcy Case and before the Ninth Circuit.  Indeed, if there is any difference
between Bhola's actions now and the actions for which he was previously sanctioned
by the Bankruptcy Court and by this Court, it is that Bhola has now discarded any
remaining shred or pretense of professionalism in favor of unrestrained, chaotic,
malicious, and even more harassing personal attacks (if that is possible) on those judges
who have ruled against him both below and on appeal (Judge Russell and Judge Hsu),
or other judges whom Bhola seeks to avoid (Judge Birotte).

## STATEMENT OF FACTS

This Court is well aware of the broader history of Bhola and Moda's conduct in
the Bankruptcy Case and in various appeals from orders of the Bankruptcy Court that
previously have come before it. Consequently, the Debtor does not intend to belabor
the relevant underlying facts other than to say that the sole issues on appeal are

(i) whether the Bankruptcy Court properly denied the Conversion/Dismissal Motion filed by Bhola, (ii) whether the Court has jurisdiction to consider the appeal, (iii) whether Bhola has standing to have brought the appeal and (iv) whether the appeal is simply another in a long line of frivolous, bad faith actions undertaken by Bhola in the Bankruptcy Case and before this Court in connection with his repeated, vexatious practice of appealing orders of the Bankruptcy Court in the Bankruptcy Case.

## ARGUMENT

### A.    The Court Does Not Have Jurisdiction to Consider this Appeal as the Denial Order is an Interlocutory Order for Which Bhola Never Sought the Requisite Leave to Appeal

United States district courts "have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; ... and (3) with leave of the court, from other interlocutory orders and decrees." *In re Heartwise, Inc.*, 648 B.R. 715, 723 (C.D. Cal. 2022) (quoting, with alterations, 28 U.S.C. § 158(a)).    "A final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"   *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).    An interlocutory order, on the other hand, "is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires

APPELLEE'S RESPONSIVE BRIEF

further steps to be taken in order to enable the court to adjudicate the cause on the merits." *In re Merle's Inc.*, 481 F.2d 1016, 1018 (9th Cir. 1973).

An order denying a motion to dismiss or convert a case from Chapter 11 to Chapter 7 is generally considered interlocutory. Such orders do not resolve the ultimate rights of the parties or bring the case to a conclusion, and they often require leave of court for appeal under 28 U.S.C. § 158.

Courts have consistently held that these orders are not final and appealable unless they meet specific criteria, such as being tied to a confirmed reorganization plan or other final determinations (which the Denial Order is not). *See*, *e.g.*, *United States Bakery v. Svenhard's Swedish Bakery*, 632 B.R. 312, 320 (Bankr. E.D. Cal. 2021) (the denial of a motion to convert a case from Chapter 11 to Chapter 7 is not a final order and is instead interlocutory because, among other reasons, the denial of such a motion (a) is not a discrete proceeding as it does not disrupt the status quo of the case, (b) does not expose the debtor to new legal actions, (c) does not undermine judicial efficiency, (d) does not finally and conclusively resolve the issue as a creditor may bring a subsequent motion to convert the case if new cause arises); *Southwestern Rsch., Inc. v. Southern Cal. Rsch., LLC (In re Southern Cal. Rsch., LLC)*, 2022 Bankr. LEXIS 2994, at *7 (9th Cir. B.A.P. 2022) (denial of a motion to convert a Chapter 11 case to Chapter 7 was not final and appealable and BAP dismissed the appeal for lack of jurisdiction, finding that the order did not end the litigation on the merits or alter substantive rights

APPELLEE'S RESPONSIVE BRIEF

permanently); *Burns v. Macgibbon (In re Macgibbon)*, 2006 Bankr. LEXIS 4875, at *30-31(9th Cir. B.A.P. 2006) ("[a]lthough orders denying motions to dismiss are generally interlocutory, such an order is final and appealable where a reorganization plan has already been confirmed, since the order effectively ends all litigation on the merits of dismissal."); *Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 505 (1st Cir. BAP 2005) ("Although orders denying motions to dismiss are generally interlocutory, such an order is final and appealable where a reorganization plan has already been confirmed, since the order effectively ends all litigation on the merits of dismissal.").  Thus, the Denial Order is interlocutory.

"Interlocutory orders are not appealable as of right; the [appellant] must first file a formal motion for leave to appeal." *In re Stewart,* 157 B.R. 893, 895 (B.A.P. 9th Cir. 1993) (citation omitted).  Bhola did not file a formal motion for leave to appeal. Consequently, the appeal should be dismissed.

Although the Court, in its discretion, could treat Bhola's Notice of Appeal as a motion for such leave, and either grant or deny it, in accordance with Rule 8004 of the Federal Rules of Bankruptcy Procedure, generally a district court will only grant such a motion when (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation."  *United States Bakery v. Svenhard's Swedish Bakery*, *supra* (citations and quotations omitted).  But none of those grounds

APPELLEE'S RESPONSIVE BRIEF

are present here.  Thus, even if the Court treats Bhola's Notice of Appeal as a motion for leave to appeal, it should deny that "motion" outright, dismiss this appeal and affirm the Denial Order.

**B.** **The Court Does Not Have Jurisdiction to Consider This Appeal Because Bhola Seeks to Have the Court Consider Issues Not Properly Raised on Appeal.**

Bhola seeks relief that is not within this Court's jurisdiction to grant.  An appellate court's jurisdiction is limited to issues properly raised on appeal, and an appellant cannot seek relief beyond those issues.  *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1130-113 (9th Cir. 2018) (appellate court's jurisdiction under 28 U.S.C. § 1292(b) is limited to the certified order); *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 744 F.3d 1124, 1134 (9th Cir. 2014) ("Although we have authority to review issues fairly included within the certified order, review of issues not included in the certified order would obliterate the distinction between interlocutory appeals and appeals after final judgment and would encourage circumvention of the conventional appeals process."); also see, *Hiivala v. Wood*, 195 F.3d 1098, 1101 (9th Cir. 1999) (Ninth Circuit declined to consider issues not specified in the certificate of appealability, underscoring that appellate review is confined to the issues properly before the court).

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts, as well as certain

interlocutory orders with leave of the court. *See, e.g., In re Stanton*, 766 F.2d 1283, 1285, FN 4 (9th Cir. 1985) (the district court may be the intermediate appellant tribunal in an appeal from a final order of the bankruptcy court). Moreover, like appellate courts, the district court's jurisdiction is generally limited to the issues raised in the appeal. *See*, *Ki Chang Park v. Gebben (In re Ki Chang Park)*, 2013 U.S. Dist. LEXIS 14150, *6 (W.D. Wash. 2013) ("In bankruptcy matters, federal district courts sit as appellate courts, and a district judge's job is analogous to that of an appellate court."). As an appellate court, the district court generally may not consider issues that were not properly briefed and argued before the bankruptcy court. Id.

The instant appeal by Bhola is from the Denial Order, pursuant to which the Bankruptcy Court denied Bhola's motion seeking to convert or dismiss the Bankruptcy Case. But a review of Bhola's corrected opening brief on appeal (Doc. 16) reveals that Bhola is not simply challenging the Denial Order itself. Bhola's opening brief (the "Bhola Brief") is a 71-page (sans exhibits), rambling diatribe that seeks redress against all of the wrongs that Bhola perceives to have been inflicted upon him and his former client, Moda, throughout the course of the Bankruptcy Case. The relief sought by Bhola goes well beyond an appeal of the Denial Order and, in turn, well beyond this Court's jurisdiction to grant the relief requested.

Appellee will let the Bhola Brief speak for itself, but Appellee highlights the "Relief Requested" page (Bhola Brief, p. 71), in which Bhola specifically asks the

Court for items of relief on appeal (among other items) that have no relation to the

Denial Order:

1.  A finding that the Bankruptcy Court's July 15, 2020, order converting the
    Bankruptcy Case from one under Chapter 7 to one under Chapter 11,
    Subchapter V (Bankr. Doc. 250) (the "<u>Conversion Order</u>") is void *ab
    initio*.  This order was entered prior to Bhola's representation of Moda,
    was not appealed and is a final order of the Bankruptcy Court.

2.  A finding that what Bhola characterizes as the Bankruptcy Court's
    "predetermination of conversion" during a May 5, 2020, hearing violated
    creditors' procedural due-process rights.  Although Appellee is not certain
    what Bhola means by the term "predetermination of conversion", the
    Conversion Order was the operative order converting the Bankruptcy
    Case, and the Conversion Order was never appealed and is a final order
    not susceptible to appeal.

3.  A finding that the automatic stay terminated on August 15, 2020, despite
    there being multiple rulings over the past five and a half years (including
    at least one from this Court) that the automatic stay has not terminated.

4.  The vacating of all contempt findings and sanctions as void *ab initio*,
    despite the fact that the sanctions and contempt orders previously were
    either dismissed by this Court on appeal (*see, e.g., Order Granting*

APPELLEE'S RESPONSIVE BRIEF

*Appellee's Motion to Dismiss [11] and Denying Appellant's Application to Stay [10],* Doc. 19, entered March 27, 2024 in Appellate Case No. 24-cv-01011-WLH) or were affirmed by this Court on appeal (*see Order on Appeal and on Appellee's Motion to Dismiss for Lack of Prosecution*, entered September 9, 2024, in Appellate Case No. 24-cv-02529-WLH, Doc. 16). Neither of the foregoing Orders of this Court were appealed.

5. An order for the "restoration of property" that Bhola claims has been wrongfully kept from Moda (his former client) since December 7, 2022.

6. A declaration that the Debtor's July 12, 2023, state court appeal of the state court judgment void.

As none of the foregoing requests for relief fall within the proper scope of the instant appeal, the Court does not have the requisite jurisdiction to consider them.

## C.    **Bhola Did Not Have Standing to File the Conversion/Dismissal Motion and Does Not Now Have Standing to Have Brought This Appeal**

Under U.S. federal law and 9th Circuit case law, standing is a fundamental requirement for any party seeking relief in a bankruptcy case. Standing in the bankruptcy context requires that the party demonstrates a direct and pecuniary interest in the bankruptcy estate. *See*, *e.g.*, *Linett v. Hebrank (In re Linett)*, 2023 Bankr. LEXIS 2980 (9th Cir. B.A.P. 2023) (movants lacked standing to appeal a bankruptcy court's

APPELLEE'S RESPONSIVE BRIEF

order approving a settlement because they were not creditors of the bankruptcy estate.); *Achilles v. Hoskins (In re Theos Fedro Holdings, LLC)*, 2023 Bankr. LEXIS 2979 (9th Cir. B.A.P. 2023) (appeal dismissed as the movant, who was the sole and managing member of the debtor, lacked standing); *In re Rizzo*, 2016 Bankr. LEXIS 746 (Bankr. C.D. Cal. 2016) (court denied motion to reopen a bankruptcy case because the movant, who was not a creditor of the debtor's bankruptcy estate, lacked standing to request the relief sought.).

Here, Bhola is not a creditor of the Estate. He is not a party in interest. Rather, as stated above, Bhola is former bankruptcy counsel to Moda and former counsel to Moda in multiple unsuccessful appeals taken by Moda to this Court from orders of the Bankruptcy Court. Bhola's only claim to have an interest in he Bankruptcy Case is that he is a contemnor of the Bankruptcy Court's orders against him. But his status as a contemnor of the Bankruptcy Court's orders does not give him a vested interest in the outcome of the Bankruptcy Case. No matter the outcome, his violations of the Bankruptcy Court's orders will remain violations and the sanctions awarded against him will not disappear. Thus, Bhola had no standing to have filed the Conversion/Dismissal Motion in the first instance.

Bhola also has no standing to have brought this appeal.

The Ninth Circuit has established that "only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to

APPELLEE'S RESPONSIVE BRIEF

have standing to appeal that order." *In re Pecan Groves*, 951 F.2d 242 (9th Cir. 1991).
This prudential standing doctrine requires that the bankruptcy court's order must
diminish the appellant's property, increase the appellant's burdens, or detrimentally
affect the appellant's rights. *Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C.,
Inc.)*, 177 F.3d 774 (9th Cir. 1999).

Here, Bhola does not have standing because the Denial Order did not diminish
any of Bhola's property, did not increase his burdens and did not detrimentally affect
any of his rights. As stated above, regardless of the outcome of the Bankruptcy Case,
Bhola's rights will remain unaffected.

Furthermore, Bhola's role as former counsel to Moda did not create the requisite
direct pecuniary interest in the Denial Order to give him standing to have taken this
appeal. Courts have specifically held that a law firm does not have standing to appeal
a decision of the bankruptcy court when the firm had appeared below only on behalf
of its client. *Reid & Hellyer, APC v. Laski (In re Wrightwood Guest Ranch, LLC)*, 896
F.3d 1109 (9th Cir. 2018). This principle applies with even greater force here, where
the attorney, Bhola, no longer represents Moda in the Bankruptcy Case, filed the
Conversion/Dismissal Motion on his own behalf and has now appealed the Denial
Order in his individual capacity.

As Bhola lacks the requisite standing to have taken this appeal, the appeal must
be dismissed and the relief he requests denied.

APPELLEE'S RESPONSIVE BRIEF

**D.** **Bhola's Appeal of the Denial Order Constitutes an Impermissible Collateral Attack on Final Orders of the Bankruptcy Court and This Court and Are Well Beyond the Scope of His Appeal**

A final order of a federal court is binding and conclusive as to all matters adjudicated or that could have been adjudicated at the time of the judgment. *See, e.g. Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 138-139 (2009) (once "orders became final on direct review, they became *res judicata*"); *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) ("res judicata bars a collateral attack on a final judgment"). Moreover, "[a] final order of a federal court may not be collaterally attacked." *Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698, 704 (9th Cir. B.A.P. 2013) (*citing Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985).

This principle is rooted in the doctrine of *res judicata*, which ensures the finality of judgments and prevents the relitigation of issues that were or could have been raised in the original proceeding.

The requested relief in the context of this appeal constitutes an impermissible collateral attack on the prior final orders. *Stinchfield v. Specialized Loan Serv. (In re Stinchfield)*, 2018 Bankr. LEXIS 735, at *15-16 (9th Cir. B.A.P. 2018) (challenges of prior bankruptcy court orders in unrelated appeal are impermissible collateral attacks on those rulings). Courts have emphasized that if parties do not exercise available avenues for relief through either a timely appeal or a Rule 60(b) motion, they may not

APPELLEE'S RESPONSIVE BRIEF

pursue *de facto* challenges to the relevant order or judgment in another proceeding. *Morris v. Gen. Council of the Assemblies of God*, 2024 U.S. Dist. LEXIS 221043, at *8-9 (D. Nev. 2024) ("[this collateral attack doctrine—which applies to bankruptcy court judgments—prevents other courts from effectively overruling or altering final orders via indirect routes, and is grounded in the need for finality.")

The Bankruptcy Court's order converting the Bankruptcy Case to one under Chapter 11, its prior sanctions orders, its rulings regarding the automatic stay and regarding the subject properties constituting property of the Estate cannot be subject to review in this appeal from the Denial Order, which itself is interlocutory and not properly subject to the Court's review.

Once the prior rulings of which Bhola continues to complain became final without timely appeal, they gained preclusive effect and became immune from indirect challenge through any subsequent proceedings, including the instant appeal. *Foster v. First Interstate Bank (In re Shoot the Moon, LLC)*, 642 B.R. 21, 26 (Bankr. Mont. 2022). Consequently, the relief sought by Bhola by way of this appeal must be denied.

E.   **Bhola's Appeal is Frivolous and Malicious and His Pleading Practices Warrant Further Sanctions**

This Court previously has found that "Bhola filed frivolous and legally unreasonable appeals, acted in bad faith and abused the judicial process" in connection with rehashing challenges to the rulings of the Bankruptcy Court in the Bankruptcy

APPELLEE'S RESPONSIVE BRIEF

Case and sanctioned him for doing so. *Moda v. Mazgani "(In re Mazgani)*, 2024 U.S. Dist. Lexis 248032, at *7-9 (D. Cal. 2024). Similarly, this Court previously affirmed the very awards of sanctions against Bhola and Moda that Bhola once again seeks to undo. *Moda v. Mazgani "(In re Mazgani)*, 2025 U.S. Dist. Lexis 162922, at *17-21 (D. Cal. 2024).

This appeal and the numerous and voluminous pleadings that Bhola has filed in connection with this appeal are even more frivolous and more abusive than those for which the Court previously sanctioned him. Bhola's conduct is unwarranted, in bad faith, harassing and unrelenting. Bhola refuses to acknowledge not only the Bankruptcy Code and the rulings of the Bankruptcy Court, but also the rulings of this Court with respect to his conduct.

Bhola behavior appears to be without remorse or even a sliver of self-reflection, restraint or respect for his professional responsibilities as an officer of the Court. Bhola's unrelenting frivolous and bad faith pleading practice and misconduct continue to cost Debtor tens of thousands of dollars.

The Debtor asks that the Court sanction Bhola in a manner that will cause Bhola to cease all such behavior.

## **CONCLUSION**

Bhola has raised in a haphazard manner a series of issues in what should have been a pretty straight-forward (if still improper) appeal of the Denial Order. The

overwhelming majority of the issues Bhola has raised by way of this appeal were previously raised before the Bankruptcy Court and even before this Court. Almost none of the issues raised by Bhola are pertinent to the issue of the appealability of the Denial Order. None of Bhola's arguments are persuasive. All are frivolous and in bad faith.

For the foregoing reasons, this Court should either affirm the Denial Order or dismiss this appeal in its entirety. It should also consider sanctioning Bhola in a manner sufficient to prevent him from continuing his pattern of vexatious and frivolous litigation.

Dated:  December 30, 2025         WEINTRAUB ZOLKIN TALERICO
                                  & SELTH LLP


                                  By: /s/ David B. Zolkin
                                      David B. Zolkin
                                  Attorneys for Debtor and Appellee,
                                  MAHVASH MAZGANI

APPELLEE'S RESPONSIVE BRIEF

## <u>CERTIFICATE OF COMPLIANCE</u>

Appellee submits the following Certificate of Compliance as required by Rule 32(g) of the Federal Rules of Appellate Procedure.

The foregoing Appellee's Responsive Brief is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  The number of words in the foregoing brief according to the word-processing system used to prepare the Brief is 4,364.

Dated:  December 30, 2025        WEINTRAUB ZOLKIN TALERICO
                                & SELTH LLP


                                By: _/s/ David B. Zolkin_____
                                    David B. Zolkin
                                    Attorneys for Debtor and Appellee,
                                    MAHVASH MAZGANI

# PROOF OF SERVICE OF DOCUMENT

I, Martha Araki, declare that I am over the age of 18 and not a party to this action. I am employed in the County of Los Angeles, State of California, in the office of a member of the Bar of this Court, at whose direction the service was made. My business address is 11766 Wilshire Boulevard, Suite 730, Los Angeles, California 90025.

On December 30, 2025, at the direction of David B. Zolkin, I served the document(s) entitled:

- **Appellee's Responsive Brief**

in the manner set forth below:

**[X] TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR 5-3.2, the above-indicated document(s) will be served by the court via NEF and hyperlink to the document(s) upon electronic filing. On December 30, 2025, I checked the CM/ECF docket for this proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) state below:

- Vipan K. Bhola: vbhola@icloud.com
- David Brett Zolkin: dzolkin@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com

**[ ] SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy of the above-indicated document(s) in a sealed envelope and deposited with the United States Postal Service in Castaic, California, with First Class postage thereon fully prepaid, and addressed as follows.

**[ ] SERVED BY OVERNIGHT DELIVERY OR PERSONAL SERVICE:** On _____, I served the following persons and/or entities by personal delivery or overnight mail service by depositing true and correct copies of the

above-indicated document(s) in an envelope or package designated by said service with delivery fees paid and placing same in a box or other facility regularly maintained by: [   ] GSO OVERNITE; [ ] U.S. EXPRESS MAIL SERVICE; [   ] FEDERAL EXPRESS; [ ] PERSONAL SERVICE.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 30, 2025, at Castaic, California.

*/s/ Martha E. Araki*
Martha E. Araki, Declarant

PROOF OF SERVICE